IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JEREMY NEWSOME, By His Mother
and Next Friend, LYNDIA TRAYLOR; et al.                    PLAINTIFFS

vs.                                                         No. 1:07CV293-D-D

MISSISSIPPI HIGH SCHOOL
ACTIVITIES ASSOCIATION, INC.; et al.                       DEFENDANTS

## OPINION DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Presently before the court is the Plaintiffs' motion for temporary restraining order to compel the Defendants to permit the Plaintiff Jeremy Newsome to play varsity basketball at Nettleton High School this year. Upon due consideration, the court finds that the motion should be denied.

*A. Factual and Procedural Background*

The Plaintiff Jeremy Newsome, a nineteen-year old high school senior, currently attends Nettleton High School. He completed the first through eleventh grades in the Okolona School District. Jeremy played varsity basketball at Okolona and is regarded as a very talented player. Jeremy attempted to join the varsity basketball team at Nettleton High School, but was determined to be ineligible to play by the Defendant Mississippi High School Activities Association (MHSAA) after it determined that his move to Nettleton High was not bona fide and was for athletic reasons. Complicating the matter, Jeremy has been determined to have learning disabilities and the Nettleton School District has provided him with an Individual Education Plan pursuant to the federal Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400, *et seq.*, and Sections 37-23-133, *et seq.* of the Mississippi Code. The Plan notes Jeremy's involvement in basketball.

On November 13, 2007, the Plaintiffs filed their complaint in this matter. In the complaint, the Plaintiffs assert claims under the IDEA, ADA, and U.S. Constitution, seeking injunctive relief

to compel the Defendants to permit Jeremy to play basketball this year at Nettleton High School. The court has set the Plaintiffs' contemporaneously filed motion for preliminary injunctive relief for hearing on January 14, 2008. On November 27, 2007, the Plaintiffs filed the present motion seeking a temporary restraining order to compel the Defendants to permit Jeremy to immediately play varsity basketball at Nettleton High School this year.

*B. Legal Standard*

The purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm just so long as is necessary to hold a hearing on a motion for preliminary injunctive relief, and no longer. Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 429, 94 S.Ct. 1113, 39 L. Ed. 2d 435 (1974). In order to grant a request for a temporary restraining order, the court must apply the standard set forth by the Fifth Circuit in Canal Authority of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974). Pursuant to Canal Authority, the Plaintiffs in this matter have the burden of demonstrating four specific criteria:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat that the Plaintiffs will suffer irreparable injury for which there is no adequate remedy at law;

(3) that the threatened injury to the Plaintiffs outweighs any damage that the Defendants might suffer; and

(4) that granting the order will not disserve the public interest.

Clark v. Prichard, 812 F.2d 991, 993 (5th Cir. 1987). This relief is an extraordinary remedy, not normally available unless the movant clearly carries his burden of proof as to each of the four prerequisites. Mississippi Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985). It is incumbent upon the movant to demonstrate all four factors, and the failure to

demonstrate any one of the four is sufficient for the court to deny the issuance of the temporary restraining order. Allied Mktg. Group, Inc. v. CDL Mktg., Inc., 878 F.2d 806, 809 (5th Cir. 1989).

*C. Discussion*

The present suit seeks to compel the Defendants to permit the Plaintiff Jeremy Newsome to play varsity basketball at Nettleton High School this year.

In ruling on the Plaintiffs' motion, the court first notes that the Plaintiffs have failed to demonstrate a substantial likelihood of success on the merits of their claims. The IDEA, the Act which forms the underlying basis of the Plaintiffs' claims, requires states to establish "procedural safeguards" or administrative remedies that must be exhausted prior to the filing of a civil action. See 20 U.S.C. § 1415; Sandifer v. Lumberton Public Sch. Dist., 2007 WL 2071799 (S.D. Miss. Aug. 16, 2007).[1] These remedies include requiring aggrieved parents to provide written notice of a request for a due process hearing to the local school superintendent and to attend mediation and the due process hearing (at which the parents may be represented by counsel). See Procedural Safeguards of the Mississippi Department of Education Office of Special Education (July 2007). The Mississippi administrative remedies then provide specifically that "the decision made by the hearing officer shall be final, except that any party aggrieved by the findings and decision shall have the right to bring civil action with respect to the issues of the due process hearing." Id. at B-14.

Further, it is well-established that a complaint arising under the IDEA is not a justiciable controversy until the Plaintiffs "have exhausted their administrative remedies under the IDEA or proved that exhaustion would be futile or inadequate." Marc v. North East Ind. Sch. Dist., 455 F.

---

[1]The State of Mississippi has established these remedies via Sections 37-23-139, 141, and 143 of the Mississippi Code.

Supp. 2d 577, 591-92 (W.D. Tex. 2006); Gardner v. School Bd. of Caddo Parish, 958 F.2d 108, 112 (5th Cir. 1992). While claims under the IDEA do not form the sole basis of the Plaintiffs' claim for relief in this case, it has been held that the mandatory exhaustion requirement of the IDEA cannot be circumvented even when a plaintiff purports to cast his claims as Constitutional, under the ADA, or as an action under 42 U.S.C. § 1983 predicated on the IDEA. M.T.V. v. DeKalb County Sch. Dist., 446 F.3d 1153, 1158 (11th Cir. 2006); W.B. v. Matula, 67 F.3d 484, 495 (3rd Cir. 1995); Marc, 455 F. Supp. at 592.

In the case *sub judice*, the court notes that the Plaintiffs' submissions to the court do not address these issues, nor do they establish a substantial likelihood of success on the merits of their claims. As noted above, the Plaintiffs clearly bear the burden of proof in demonstrating a substantial likelihood of success on the merits of their claims before the court can grant a motion seeking a temporary restraining order. Here, the Plaintiffs have failed to do so[2]; thus, the court finds that the Plaintiffs' motion for temporary restraining order is not well taken and should be denied.

In addition, the court notes the United States Supreme Court's pronouncement that "[t]he basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." Weinberger v. Romero-Barcelo, 456 U.S. 305, 312, 102 S.Ct. 1798, 1803, 72 L. Ed. 2d (1982). Thus, the court considers the second factor in the Canal Authority test, the requirement that the movant will suffer irreparable injury if the temporary restraining order is denied.

The central inquiry in deciding whether there is a substantial threat of irreparable harm to the plaintiff is whether the plaintiff's injury could be compensated by money damages. City of Meridian

---

[2]Indeed, the Plaintiffs do not make any mention whatsoever of the requirement to exhaust administrative remedies under the IDEA.

v. Algernon Blair, Inc., 721 F.2d 525, 529 (5th Cir. 1983). In the case *sub judice*, the court finds that the issuance of a temporary restraining order is inappropriate because monetary damages appear to be an adequate remedy - in the Plaintiffs' complaint, financial reasons are asserted as one of the primary bases for their request for relief. Specifically, the Plaintiffs assert that if Jeremy "cannot play basketball his senior year, his basketball skills and the likelihood of his being offered a scholarship and an NBA contract will diminish." See Compl. at 5. No other specific reasons, other than an assertion that the failure of the Defendants to permit Jeremy to play basketball is having an adverse effect upon his mental health, are set forth in the Plaintiffs' motion for temporary restraining order.[3] The court finds, therefore, that the Plaintiffs cannot demonstrate that they will suffer irreparable injury, as is required before a temporary restraining order can be granted. See Canal Authority, 489 F.2d at 572.

Accordingly, the court finds that the Plaintiffs have not shown either a substantial likelihood of success on the merits of their claims nor that the threatened injury to Jeremy is irreparable, and their motion for temporary restraining order seeking to compel the Defendants to permit Jeremy to play varsity basketball at Nettleton High School this year is therefore denied.

A separate order in accordance with this opinion shall issue this day.

This the 30th day of November 2007.

/s/ Glen H. Davidson
Senior Judge

---

[3] The court notes that mental distress damages are financial in nature as well and may be compensated by monetary damages. See, e.g., Franks v. Smith, 717 F.2d 183, 186 (5th Cir. 1983) (holding that "[a]s to damages, compensation may be appropriate where embarrassment or mental distress result from deprivation of constitutional rights . . ."). Thus, the court finds that monetary damages appear to be an adequate remedy for these asserted damages as well.

5