IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JEREMY NEWSOME, By His Mother
and Next Friend, LYNDIA TRAYLOR; et al.                          PLAINTIFFS

vs.                                                              No. 1:07CV293-D-D

MISSISSIPPI HIGH SCHOOL
ACTIVITIES ASSOCIATION, INC.; et al.                             DEFENDANTS

## OPINION GRANTING MOTION TO DISMISS

Presently before the court is the Defendants' motion to dismiss. Upon due consideration, the court finds that the motion should be granted.

### A. Factual and Procedural Background

The Plaintiff Jeremy Newsome is a nineteen-year old who just completed his senior year of high school at Okolona High School. Jeremy played varsity basketball at Okolona, including during his just completed senior year. Jeremy attempted to join the varsity basketball team at Nettleton High School at the beginning of his senior year, but was determined to be ineligible to play by the Defendant Mississippi High School Activities Association (MHSAA) after it determined that his move to Nettleton High was not bona fide and was for athletic reasons. Complicating the matter, Jeremy was determined to have learning disabilities and the Nettleton School District provided him with an Individual Education Plan pursuant to the federal Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400, *et seq.*, and Sections 37-23-133, *et seq.* of the Mississippi Code. Jeremy re-enrolled at Okolona High School on December 12, 2007, and played the remainder of the basketball season with the Okolona team, missing only seven of 31 games during the 2007-2008 season.

On November 13, 2007, the Plaintiffs filed their initial complaint in this matter; they

subsequently filed an amended complaint on February 4, 2008. In the complaint, the Plaintiffs assert claims under the IDEA, ADA, and U.S. Constitution, seeking injunctive relief to require the Defendants to permit Jeremy to play basketball at Nettleton (despite his not having been enrolled there at the time the amended complaint was filed) and for monetary damages for mental anxiety.

*B. Discussion*

The Plaintiffs' request for injunctive relief is plainly moot. As the Supreme Court has held, a case is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." City of Erie v. Pap's A.M., 529 U.S. 277, 287, 120 S.Ct. 1382, 1390, 146 L. Ed. 2d 265 (2000); Arizonans for Official English v. Arizona, 520 U.S. 43, 67, 117 S.Ct. 1055, 1068, 137 L. Ed. 2d 170 (1997) (holding that "an actual controversy must be extant at all stages of review..."). Here, at the time of the amended complaint's filing, Jeremy had re-enrolled at Okolona High School and was playing basketball with the Okolona team. The Plaintiffs' request to enjoin the Defendants to permit Jeremy to play basketball at Nettleton, where he no longer resides, was rendered moot by his Okolona re-enrollment. Indeed, such a move would have likely been highly disruptive, with Jeremy disenrolling from Okolona and re-enrolling at Nettleton for a second time, a point not addressed by the Plaintiffs in their complaint or response to the Defendants' motion for summary judgment.

The Plaintiffs also request monetary damages for mental distress in their amended complaint. The IDEA, the act which forms the underlying basis of the Plaintiffs' claims, requires states to establish "procedural safeguards" or administrative remedies that must be exhausted prior to the filing of a civil action. See 20 U.S.C. § 1415; Sandifer v. Lumberton Public Sch. Dist., 2007 WL

2071799 (S.D. Miss. Aug. 16, 2007).[1] These remedies include requiring aggrieved parents to provide written notice of a request for a due process hearing to the local school superintendent and to attend mediation and the due process hearing (at which the parents may be represented by counsel). See Procedural Safeguards of the Mississippi Department of Education Office of Special Education (July 2007). The Mississippi administrative remedies then provide specifically that "the decision made by the hearing officer shall be final, except that any party aggrieved by the findings and decision shall have the right to bring civil action with respect to the issues of the due process hearing." Id. at B-14.

It is well-established that a complaint arising under the IDEA is not a justiciable controversy until the Plaintiffs "have exhausted their administrative remedies under the IDEA or proved that exhaustion would be futile or inadequate." Marc v. North East Ind. Sch. Dist., 455 F. Supp. 2d 577, 591-92 (W.D. Tex. 2006); Gardner v. School Bd. of Caddo Parish, 958 F.2d 108, 112 (5th Cir. 1992). While claims under the IDEA do not form the sole basis of the Plaintiffs' claim for relief in this case, it has been held that the mandatory exhaustion requirement of the IDEA cannot be circumvented even when a plaintiff purports to cast his claims as Constitutional claims, as arising under the ADA, or as an action under 42 U.S.C. § 1983 predicated on the IDEA. M.T.V. v. DeKalb County Sch. Dist., 446 F.3d 1153, 1158 (11th Cir. 2006); W.B. v. Matula, 67 F.3d 484, 495 (3rd Cir. 1995); Marc, 455 F. Supp. at 592. Accordingly, because the Plaintiffs have failed to initiate and/or exhaust their administrative remedies concerning their claims, the court is without jurisdiction to consider the Plaintiffs' claims and dismissal is appropriate. The Defendants' motion for summary judgment is

---

[1] The State of Mississippi has established these remedies via Sections 37-23-139, 141, and 143 of the Mississippi Code.

therefore granted and the Plaintiffs' claims dismissed.

A separate order in accordance with this opinion shall issue this day.

This the 8th day of July 2008.

/s/ Glen H. Davidson
Senior Judge